# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Leah Jordan

### DEFENDANTS

PRA Group, Inc. f/k/a Portfolio Recovery Associates, Inc., Claims Compensation Bureau, LLC, Heather Shain Hall, and Rakesh Sehgal

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott B. Goldshaw, Esquire and Christen L. Casale, Esquire
Goldshaw Greenblatt Pierce LLC - Ph. 215-978-9090
1500 JFK Blvd., Suite 1230 Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
PA Wage Payment and Collection Law (43 Pa. C. S. §§ 260.1); 28 U.S.C.A. § 2201(a); 29 U.S.C. § 2601

Brief description of cause:
Violation of PA Pennsylvania Wage Payment and Collection Law, Wrongful termination in violation of FMLA, Breach of Contract, Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
Jul 30, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _725 S. Jessup Street  Philadelphia, PA 19147_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☑ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LEAH JORDAN, | : |
| | : |
| *Plaintiff,* | : CIVIL ACTION NO. |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| PRA GROUP, INC. f/k/a/ PORTFOLIO RECOVERY | : |
| ASSOCIATES, INC., | : |
| CLAIMS COMPENSATION BUREAU, LLC, | : |
| HEATHER SHAIN HALL, AND | : |
| RAKESH SEHGAL | : |
| | : |
| | : |
| | : |
| *Defendants.* | : |

## CIVIL ACTION COMPLAINT

Plaintiff Leah Jordan ("Plaintiff") files this Civil Action Complaint ("Complaint") against

PRA Group, Inc. f/k/a Portfolio Recovery Associates, Inc. ("PRA"), Claims Compensation

Bureau, LLC ("CCB," collectively with PRA, "Corporate Defendants"), Heather Shain Hall, and

Rakesh Sehgal (collectively, "Individual Defendants," and together with Corporate Defendants,

"Defendants") and in support thereof avers as follows:

## INTRODUCTION

1.      Plaintiff files this Complaint to redress violations by Defendants of the

Pennsylvania Wage Payment and Collection Law, 43 Pa. C. S. §§ 260.1 *et seq.*, and common law

breach of contract, as well as her wrongful termination in violation of the Family and Medical

Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*[1] As set forth more fully herein, during the course of

---

[1] Plaintiff has additionally dual-filed a Charge of Discrimination with the Equal Employment Opportunity
Commission and the Pennsylvania Human Relations Commission asserting her claims of gender discrimination and
retaliation. Plaintiff reserves the right to amend this Complaint to add claims pursuant to Title VII of the Civil

Plaintiff's employment Corporate Defendants offered, and Plaintiff accepted, the 2014 CCB Commission Incentive Compensation Plan ("2014 Commission Agreement"). The 2014 Commission Agreement provided, in relevant part, that Plaintiff would be entitled to receive certain commissions after her employment with Corporate Defendants ended. Defendants terminated Plaintiff's employment on October 3, 2025, following her return from medical leave, and have subsequently refused to pay Plaintiff the commissions to which she is entitled pursuant to the 2014 Commission Agreement.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are citizens of different states, federal question jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.      Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims set forth herein occurred in this District.

## PARTIES

4.      Plaintiff is an adult individual residing and domiciled in Philadelphia, Pennsylvania.

5.      Defendant PRA is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

6.      Defendant CCB is a wholly owned subsidiary of PRA with its principal place of business at 130 Corporate Boulevard, Norfolk, Virginia 23502.

---

Rights Act of 1964 and the Pennsylvania Human Relations Act after those claims are appropriately administratively exhausted.

7.      Defendant Heather Shain Hall is an adult individual residing and domiciled in the state of Virginia.

8.      Defendant Rakesh Sehgal is an adult individual residing and domiciled in the state of New York.

**FACTS**

9.      Plaintiff was an employee of CCB from May 2005 until her termination on October 3, 2025.

10.     CCB was purchased by PRA in 2010.

11.     Plaintiff worked for CCB remotely from her home in Philadelphia, Pennsylvania.

12.     Plaintiff's title for the majority of her career with CCB was Vice President, or Vice President of Business Development.

13.     CCB represents corporate clients in recovering funds and processing payments owed under class action settlements.

14.     Plaintiff's job was to grow CCB by finding opportunities for CCB to purchase, and provide fee-based services for, class action claims recoveries in the United States.

15.     Plaintiff was additionally responsible for creating contractual relationships with third party entities and connecting CCB clients to those entities, such as asset finders or special purpose vehicles, in exchange for referral fees to CCB should a client and third party engage in business together.

16.     During Plaintiff's employment, Corporate Defendants offered, and Plaintiff accepted, the 2014 Commission Agreement.

17.     Both CCB and PRA are named in the 2014 Commission Agreement.

18.     The 2014 Commission Agreement was signed by a representative of PRA.

3

19. The 2014 Commission Agreement was offered to Plaintiff as partial consideration for Plaintiff agreeing to transition from part-time to full-time work.

20. The 2014 Commission Agreement provides that Plaintiff will be paid a commission rate of 1.25% of revenue realized for purchases and clients signed prior to January 1, 2014.

21. The 2014 Commission Agreement further provides that Plaintiff will be paid a commission rate of 2.5% of revenue realized for purchases and clients signed on or after January 1, 2014.

22. Regarding post-termination payments, the 2014 Commission Agreement states that "[p]rovided that separation from PRA does not arise out of any fraudulent or unethical conduct, or conduct detrimental to CCB or PRA, commissions will be paid out for an additional 5 years past the separation date on revenue realized from: (i) All purchases and 'case specific agreement' clients signed prior to the separation date, on the specific case(s) for which the clients were signed, or in the case of a 'notification agreement client' all cases that are added to the agreement prior to the separation agreement[, and] (ii) All existing cases (meaning any cases that have reached preliminary settlement) at the time of separation for which any 'all case agreement' clients are eligible, whether the claim in such case is purchased or serviced."

23. The 2014 Commission Agreement specifies that there is "[n]o cap on commission" and requires that Plaintiff "be provided an accounting for any post separation commission paid."

24. During Plaintiff's employment, CCB and PRA honored their obligations to pay Plaintiff according to the terms of the 2014 Commission Agreement.

25. The 2014 Commission Agreement was orally modified during Plaintiff's employment.

4

26.     Commencing in or about 2020, Plaintiff began managing two employees and, as additional compensation for these duties, Corporate Defendants offered as an amendment to the 2014 Commission Agreement, and Plaintiff accepted, to pay Plaintiff .5% of the revenue realized by the efforts of those employees on a quarterly basis (the "2020 Amendment").

27.     The expectation, agreement, and understanding of both Plaintiff and Defendants was that amounts earned pursuant to the 2020 Amendment would be paid out for the same period Plaintiff was due commissions under the Commission Agreement.

28.     Plaintiff was paid pursuant to the 2020 Amendment prior to her termination.

29.     In or after 2020, Corporate Defendants offered and Plaintiff accepted as another amendment to the 2014 Commission Agreement to pay Plaintiff a quarterly 5% commission of the revenue realized from payments on securities class action litigation ("Securities Amendment").

30.     The expectation, agreement, and understanding of both Plaintiff and Defendants was that amounts earned pursuant to the Securities Amendment would be paid out for the same period Plaintiff was due commissions under the Commission Agreement.

31.     Plaintiff was paid pursuant to the Securities Amendment prior to her termination.

32.     Corporate Defendants additionally offered and Plaintiff accepted further amendment to the 2014 Commission Agreement increasing the commission rate for revenue realized for purchases and clients signed prior to January 1, 2014 from 1.25% to 2.5% (except for securities class action litigations).

33.     The expectation, agreement, and understanding of both Plaintiff and Defendants was that amounts earned pursuant to this amendment would be paid out for the same period Plaintiff was due commissions under the Commission Agreement.

34.     Plaintiff was paid pursuant to this amendment prior to her termination.

5

35. Defendants terminated Plaintiff without cause on October 3, 2025.

36. Defendants told Plaintiff her termination was due to a reduction in force.

37. Defendants have never contended that Plaintiff's termination was for cause, for any fraudulent or unethical conduct, or for conduct detrimental to CCB or PRA.

38. Plaintiff submits that she was terminated at least in part in retaliation for having taken approximately seven weeks of continuous leave under the Family and Medical Leave Act of 1993 beginning on or about April 22, 2025, due to a serious incident of vertigo and associated recovery.

39. Since Plaintiff's termination, Defendants have breached their obligations to pay her pursuant to the 2014 Commission Agreement.

40. Plaintiff was due to be paid commissions pursuant to the 2014 Commission Agreement within a reasonable time after the close of the fourth quarter of 2025 (December 31, 2025), as well as after the first and second quarters of 2026 (March 31, 2026 and June 30, 2026, respectively).

41. Defendant has refused to pay Plaintiff these commissions following her termination.[2]

42. Upon information and belief, Defendants have no intention to pay Plaintiff any further commissions pursuant to the 2014 Commission Agreement.

43. Defendants have not fulfilled their contractual obligations to pay Plaintiff commissions pursuant to the 2014 Commission Agreement.

44. There is no good faith contest or dispute as to any of Plaintiff's wage claims herein.

---

[2] Plaintiff did receive one payment from Defendants after her termination on January 9, 2026, which reflected commissions she was owed for the third quarter of 2025. It is Plaintiff's understanding Defendants paid her these funds as she worked for Defendants during Q3 2025.

6

45.     Despite demand, Defendants have not paid Plaintiff for work performed during her employment for which she is entitled to post-termination commissions pursuant to the 2014 Commission Agreement, as amended.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Pennsylvania Wage Payment Collection Law – against all Defendants)**

46.     Plaintiff repeats the allegations set forth in preceding paragraphs of this Complaint as if set forth fully and at length.

47.     The 2014 Commission Agreement, as amended, constitutes a legally binding contract between Plaintiff on one hand and Corporate Defendants on the other for the payment of wages to an employee.

48.     Defendants' failure and refusal to pay wages owed to Plaintiffs within thirty (30) of the regular pay date or within sixty (60) days beyond the date of the agreement, award or other act makes wages payable, violates the Pennsylvania Wage Payment and Collection Law, 43 Pa. C. S. §§ 260.1 *et seq*.

49.     As a result of these violations of the Pennsylvania Wage Payment and Collection Law, Plaintiff has to date been damaged.

50.     Plaintiff's wages have remained unpaid for more than thirty (30) days beyond the regularly scheduled quarterly payday as provided in the 2014 Commission Agreement, or more than sixty (60) days beyond the date of the agreement, award or other act making wages payable, and there is no good faith contest or dispute of her claim to such wages.

51.     In failing to pay Plaintiff the wages owed, Defendants breached their contractual obligations.

52.     Plaintiff is entitled to statutory liquidated damages under 43 Pa.C.S. § 260.10 and attorney fees under 43 Pa.C.S. § 260.9(f) for Defendants' violation of the Pennsylvania Wage Payment and Collection Law.

53.     Defendants Heather Shain Hall and Rakesh Sehgal are both corporate agents or officers of CCB and/or PRA.

54.     Upon information and belief, Defendants Heather Shain Hall and Rakesh Sehgal were both involved in the decision not to pay Plaintiff pursuant to the 2014 Commission Agreement.

55.     Defendants Heather Shain Hall and Rakesh Sehgal were both actively involved in corporate policy making, such as corporate decision-making or corporate advisement on matters of pay or compensation and are therefore personally liable under the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff requests judgment in her favor against Defendants, jointly, severally and in the alternative, for the amount of unpaid wages (in an amount reasonably believed to be in excess of Seventy-Five Thousand Dollars ($75,000)) plus penalties and liquidated damages as provided by statute, together with costs and attorneys' fees, plus interest, plus such other further relief that the Court deems just.

**<u>SECOND CLAIM FOR RELIEF</u>**
**(Breach of Contract – against PRA and CCB)**

56.     Plaintiff repeats the allegations set forth in the preceding paragraphs as if set forth fully and at length.

57.     The 2014 Commission Agreement, as modified, constitutes a legally binding contract between Plaintiff on one hand and CCB and PRA on the other.

8

58. Defendants CCB and PRA were obligated pursuant to the terms of the 2014 Commission Agreement, as amended, to pay Plaintiff commissions.

59. Defendants CCB and PRA satisfied these obligations during the course of Plaintiff's employment, however, following her termination, have failed to make timely payments.

60. As a result of CCB and PRA's breach, Plaintiff has maintained damages in an amount equal to her unpaid wages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against CCB and PRA, jointly, severally and in the alternative, for a sum in reasonably believed to be in excess of Seventy-Five Thousand Dollars ($75,000) together with interest, costs of suit, and such other relief as this Court finds just and proper.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgement Action 28 U.S.C.A. § 2201(a) – against all Defendants)

61. Plaintiff repeats the allegations set forth in the preceding paragraphs as if set forth fully and at length.

62. Plaintiff respectfully seeks to have this Court declare the rights to which she is entitled pursuant to the 2014 Commission Agreement, as modified.

63. Plaintiff files for declaratory judgement to prevent the accrual of avoidable damages.

64. Plaintiff's claim is ripe for adjudication.

65. Plaintiff and Defendants have adverse interests in this Action, and there exists an actual controversy between them.

66. The controversy between Plaintiffs is substantial, immediate, and real.

67.     Defendants have engaged in overt adverse conduct against Plaintiff by refusing to pay Plaintiff pursuant to the 2014 Commission Agreement, as modified, for commissions owed for the fourth quarter of 2025, as well as the first and second quarters of 2026.

68.     Plaintiff seeks a conclusive declaratory judgement by this Court regarding her right to the payments described in the 2014 Commission Agreement, as modified.

69.     The declaratory judgement sought by Plaintiff will be of practical help and utility to the parties, as it will avoid the need for repeat litigation each time Defendants refuse to make another quarterly payment owed to Plaintiff throughout the five-year post-termination period during which Plaintiff is entitled to payment pursuant to the 2014 Commission Agreement, as modified.

**WHEREFORE**, Plaintiff respectfully asks that the Court exercise its discretion and issue declaratory judgement in her favor, stating that the 2014 Commission Agreement, as modified, is a valid contract between Plaintiff and the Corporate Defendants, that Defendants are not excused from their obligations thereunder, and that Plaintiff is entitled to the post-termination payments described therein, and such other relief as this Court finds just and proper.

### FOURTH CLAIM FOR RELIEF
**(Interference/Discrimination/Retaliation in Violation of the Family and Medical Leave Act – against PRA and CCB)**

70.     Plaintiff repeats the allegations set forth in the preceding paragraphs as if set forth fully and at length.

71.     On or about April 22, 2025, Plaintiff experienced a serious vertigo incident with lasting effects.

72.     The onset of vertigo required an emergency room visit.

10

73. Following discharge from the emergency room, Plaintiff required ongoing treatment for several weeks.

74. The effects of the vertigo significantly and negatively impacted Plaintiff's ability to complete day-to-day activities and required her to take leave from work.

75. Plaintiff's vertigo and recovery constitute a serious health condition within the meaning of the Family and Medical Leave Act.

76. By seeking leave from work to recover from vertigo, Plaintiff invoked her right to qualifying leave pursuant to the Family and Medical Leave Act.

77. Plaintiff took approximately seven weeks of continuous leave.

78. After Plaintiff returned to work, her supervisor began removing Plaintiff's responsibilities and undermining her, including by regularly meeting with one of Plaintiff's two subordinates and giving that subordinate instructions which at times conflicted with Plaintiff's directives.

79. Corporate Defendants had previously demonstrated an antagonism towards employees in general, and Plaintiff in particular, taking protected leave to take care of their health.

80. In 2019 Plaintiff was diagnosed with a serious health issue and had to undergo extensive treatment including surgery and ongoing post-surgical treatment.

81. During this time, though Plaintiff took some time off from work, her supervisor interfered with her taking protected leave by instructing her to still "work as much as possible."

82. Plaintiff's termination by Corporate Defendants was causally related to her invocation of rights under the Family and Medical Leave Act.

83. Plaintiff's protected activity was a causal, motivating, and/or determinative factor in her termination.

11

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly, severally and in the alternative, for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost by reason of the violation (in an amount reasonably believed to be in excess of One Hundred Fifty Thousand Dollars ($150,000)), liquidated damages, interest, reasonably attorneys' fees, other costs, and such other relief as this Court finds just and proper.

Date: July 30, 2026

BY: _____

GOLDSHAW GREENBLATT PIERCE LLC
Scott Goldshaw, Esquire (PA Bar ID No. 85492)
sgoldshaw@ggplawfirm.com
Christen Casale, Esquire (PA Bar ID No. 320638)
ccasale@ggplawfirm.com
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Ph. (215) 978-9090
Fax (215) 445-3629